UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALEC SLOAT,

          Plaintiff,

   v.

WILLIAM L. NIXON, *et al.*,

          Defendants.

No. C11-1659RSL

ORDER GRANTING
IN PART DEFENDANTS'
MOTION TO DISMISS

     This matter comes before the Court on Defendants' "Motion to Dismiss or, in the Alternative, Transfer Venue" (Dkt. # 15), and Plaintiff's related "Motion for Continuance Pursuant to FRCP 56(d)" (Dkt. # 21) and "Motion to Amend Complaint to Add Additional Defendant" (Dkt. # 23). Defendants ask the Court to dismiss each of Plaintiff's claims with prejudice for lack of subject matter jurisdiction, lack of venue, and lack of personal jurisdiction. They also ask for fees pursuant to RCW 4.28.185(5).

     In response, Plaintiff argues that Defendants' subject matter jurisdiction argument is nothing but a red herring and asks the Court to continue the remainder of Defendants' motion to allow him time to conduct discovery on the "venue/jurisdiction argument." Dkt. # 21 at 3, 10. He also asks the Court to grant him leave to amend his complaint to "add Oliphant as a Defendant because such an amendment would completely undermine Defendant's [sic] venue/jurisdiction argument where Oliphant is a Washington licensed collection agency." Dkt. # 21 at 3.

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS - 1

Having reviewed the parties' motions, briefs, and exhibits, the Court finds that the Rooker-Feldman doctrine[1] applies and precludes this Court from exercising subject matter jurisdiction over any of Plaintiff's claims. Accordingly, the Court GRANTS IN PART Defendants' motion to dismiss (Dkt. # 15) and DISMISSES each of Plaintiff's claims without prejudice for lack of subject matter jurisdiction. It DENIES Plaintiff's "venue/jurisdiction" motion to continue (Dkt. # 21) as moot and DENIES his motion to amend (Dkt. # 23) for both lack of good cause and mootness. Finally, the Court finds that Defendants are entitled to their reasonable attorney's fees under RCW 4.28.185(5).

## I. BACKGROUND

This action contains a dispute over an outstanding debt and the legal process Defendants used to satisfy that debt. Plaintiff contends that he is a Washington resident.[2] Complaint (Dkt. # 1) at ¶¶ 2.1–2.2. Defendant William L. Nixon is an Oklahoma lawyer with a practice focused on the collection of third-party debts. Id. at ¶ 2.4. Defendant Love, Beal, Nixon, P.C., an Oklahoma law firm, is his employer. See id. at ¶¶ 2.4–2.7.

In 2005, Defendants sued Plaintiff in Oklahoma state court on behalf of a client seeking to collect that outstanding debt. Id. at ¶ 4.3; see Dkt. # 17-2 at 2 (Oklahoma Case No. CS-2005-1312-26)[3]; Dkt. # 17-4 at 8–12. In April 2005, the Oklahoma state

---

[1] As explained by the Ninth Circuit, "Although the principle that federal courts lack jurisdiction to hear appeals from state court decisions was firmly established in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), it was not until sixty years later, in D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983), that the now-familiar test was articulated." Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003).

[2] The Court notes that this fact is hotly disputed. For purposes of this motion, however, the Court must take Plaintiff at his word. Benson v. JPMorgan Chase Bank, N.A., 673 F.3d 1207, 1211 (9th Cir. 2012) ("'[W]here, as here, no evidentiary hearing has been held, all facts alleged in the complaint are presumed to be true.'" (citation omitted)).

[3] The Court takes judicial notice of each of the Oklahoma state court documents relied upon by the parties, i.e., Dkt. ## 17-1, 17-2, 17-4, 17-5, 14-6, 17-7, 17-8, 17-9. Trigueros v. Adams, 658 F.3d 983, 987 (9th Cir. 2011) (Courts "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" (citation omitted)).

court entered default judgment against Plaintiff in the requested amount. Dkt. # 1 at ¶ 4.9; Dkt. # 17-4 at 12. In its order, it expressly found, "Service of Summons and Petition were legal and sufficient in all respects." Dkt. # 17-2 at 2.

In November 2008, Plaintiff filed a petition with the Oklahoma court, asking it to vacate its default judgment as void for lack of jurisdiction. Dkt. # 17-4 at 2. He argued that he "was not and is not a resident of Oklahoma County or the State of Oklahoma at the time the suit was filed." Id. He also argued that service was improper, id. at 3, and submitted various documents in support of his contentions. See Dkt. # 17-4. The Oklahoma court denied his petition in March 2010. Dkt. # 17-5 at 2.

On June 28, 2011, that same court issued a general garnishment summons to Bank of America. Dkt. # 17-9 (Oklahoma Case No. CS-2005-1312-26); see Dkt. # 1 at ¶ 4.10. Plaintiff responded by filing a claim for exemption. Dkt. # 17-7 at 2. While the action was pending, Plaintiff filed suit with this Court, alleging multiple breaches of the federal Fair Debt Collection Practices Act ("FDCPA"), the Washington Collection Agency Act ("CAA"), and the Washington Consumer Protection Act ("CPA"). Dkt. # 1 at ¶¶ 5.1–10.16. He also asserted a tort claim for outrage.[4] Id. at ¶¶ 11.1–11.8. On November 3, the Oklahoma court denied Plaintiff's exemption claim. Dkt. # 17-8. It ordered its clerk to disburse to Defendants' clients the $4,833.28 that had been garnished as a result of its previous order. Id.; see Dkt. # 1 at ¶ 4.18.

## II. DISCUSSION

The present motions involve many issues. Defendants contend that dismissal is appropriate under Rooker-Feldman for lack of subject matter jurisdiction or, in the alternative, for lack of venue or personal jurisdiction. In response, Plaintiff contends that the motion must be construed as a motion for summary judgment pursuant to

---

[4] Plaintiff also asked the Court to enter a temporary restraining order precluding "Defendants from garnishing any more money from Plaintiff's bank account during the pendency of this litigation." Dkt. # 1-3. The Court denied the motion for Plaintiff's failure to satisfy the procedural prerequisites for a temporary restraining order without notice.

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS - 3

Federal Rule of Civil Procedure 12(d).  And labeling Defendants' Rooker-Feldman argument a "red herring," he moves the Court to allow him additional time pursuant to Federal Rule of Civil Procedure 56(h) to conduct discovery on the "venue/jurisdiction argument."  Dkt. # 21 at 3, 10.  He also seeks leave to amend his complaint.  Dkt. # 23.

Fortunately, the Court avoids many of these issues.  Because it ultimately finds that Rooker-Feldman applies and is dispositive, it need only discuss four issues:  (1) the standard of review applicable to this case, (2) the application of the doctrine to each of Plaintiff's claims, (3) Defendants' entitlement to fees under RCW 4.28.185(5), and (4) whether Plaintiff has demonstrated good cause to amend.

**A.  Standard of Review**

The first issue is easily resolved.  Rule 12(d) provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

And, as noted, the Court resolves this motion on the basis of the Rooker-Feldman doctrine—a Rule 12(b)(1) subject matter jurisdiction challenge, Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003).  Accordingly, Rule 12(d) does not apply.

Moreover, even assuming that summary judgment treatment may be appropriate in some 12(b)(1) cases, cf. Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987) ("A court may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.'"), this is not that case.  The Court resolves Defendants' motion strictly on the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  Colony Cove Props., LLC v. City of Carson, 640 F.3d 948, 955 (9th Cir. 2011) (internal quotation marks omitted) (quoting Outdoor Media Grp., Inc. v. City of Beaumont, 506 F.3d 895, 899–900 (9th Cir. 2007)); see Corrothers, 812 F.2d at 1177.

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS - 4

And even accepting each of the "factual allegations in the complaint as true and constru[ing] the pleadings in the light most favorable to" Plaintiff, Colony Cove, 640 F.3d at 955, it simply finds "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Corrothers, 812 F.2d at 1177.

For these reasons, the Court DENIES Plaintiff's motion to continue (Dkt. # 21).[5]

**B.  Rooker-Feldman**

As summarized by the Ninth Circuit in Bianchi, "Rooker-Feldman is a powerful doctrine that prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state-court judgments . . . ." 334 F.3d at 898.  The rationale undergirding the doctrine is simple: "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." Feldman, 460 U.S. at 482.  So is the test.  "If claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction." Bianchi, 334 F.3d at 898.

"Stated plainly, Rooker-Feldman bars any suit that seeks to disrupt or undo a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims." Id. at 901.  "If the injury alleged resulted from the state court judgment itself, Rooker-Feldman directs that the lower federal courts lack jurisdiction." Id. (citation and internal quotation marks omitted) (citing GASH Assocs. v. Vill. of Rosemont, 995 F.2d 726, 728 (7th Cir. 1993)

---

[5] The Court therefore DENIES Defendants' motion to strike (Dkt. # 35) as moot.  The Court would note, however, that it does not appreciate Plaintiff's disregard for the Federal Rules of Evidence, specifically Rule 408.  It also notes that Plaintiff's own evidence demonstrates that Defendants informed Plaintiff as early as January 2012 that they intended to file a motion to dismiss or transfer the case to Oklahoma. Dkt. # 32-2 at 1.

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS - 5

(holding that Rooker-Feldman barred the action "because the plaintiffs' injury stemmed from the state judgment—an erroneous judgment, perhaps, entered after procedures said to be unconstitutional, but a judgment nonetheless" (emphasis added))). However, "[i]f the injury alleged is distinct from [the state court's] judgment, i.e., the party maintains an injury apart from the loss in state court and not 'inextricably intertwined' with the state judgment, . . . res judicata may apply, but Rooker-Feldman does not." Id. (alterations in original) (citation and internal quotation marks omitted).

With this framework in mind, the Court turns to Plaintiff's claims.

**1. Claim One – FDCPA "Distant Forum"**

Plaintiff first claims that Defendants violated 15 U.S.C. § 1692i(a) by "filing a writ of garnishment in a county other than where the consumer resides or the contract was signed." Dkt. # 1 at ¶ 6.3. He alleges that this same conduct violated Washington law and further alleges that he "had nothing whatsoever to do with the underlying debt." Id. at ¶¶ 6.4–6.5. The Court finds this claim to be "'inextricably intertwined' with the state court's decision" and thus precluded by Rooker-Feldman.

As an initial matter, the Court agrees with Plaintiff to the extent he argues that this particular issue—his contention that venue was improper—was not raised before the Oklahoma court. See Dkt. ## 17-4, 17-7 (raising issues of service, personal jurisdiction, and exemption). That fact is ultimately immaterial, however. As explained in Bianchi, "we cannot simply compare the issues involved in the state-court proceeding to those raised in the federal-court plaintiff's complaint." 334 F.3d at 900 (citation and internal quotation marks omitted). "[T]he Rooker-Feldman doctrine is not limited to claims that were actually decided by the state courts, but rather it precludes review of all 'state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.'" Id. at 901 (citation omitted).

And in this case, the Court cannot ignore the fact that the Oklahoma state court issued the garnishment order that forms the crux of Plaintiff's claim. See Dkt. # 17-9;

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS - 6

Dkt. # 17-8. As a result, the claim falls directly in the Rooker-Feldman wheelhouse: "the injury alleged resulted from the state court judgment itself," and "Rooker-Feldman directs that the lower federal courts lack jurisdiction."[6] Bianchi, 334 F.3d at 900.

### 2. Claim Two – FDCPA "Unfair Practices"

Plaintiff's second claim alleges that Defendants violated 15 U.S.C. § 1692f(1) by collecting an amount not "expressly authorized by the agreement creating the debt or permitted by law." Dkt. # 1 at ¶ 7.3 (quoting § 1692f(1)). In support, he again reiterates his allegation that he had "nothing whatsoever to do with the underlying debt." Id. at ¶ 7.4. Rooker-Feldman plainly precludes this claim.

Whatever Plaintiff's belief regarding his liability for the debt at issue, the Oklahoma state court clearly found otherwise. It ruled that he was liable and entered judgment against him. Dkt. ## 17-2, 17-5. Accordingly, the Court could not grant Plaintiff the relief he seeks without effectively "undoing" that state court judgment—the very result Rooker-Feldman was created to preclude. Bianchi, 334 F.3d at 900 ("Rooker-Feldman precludes adjudication of this claim because 'the only redress [Bianchi seeks is] an "undoing" of the prior state-court judgment—a "particularized challenge to an adjudication against him in state court" clearly barred under Rooker-Feldman.'"); see id. ("Because we cannot grant the relief Bianchi seeks without 'undoing' the decision of the state court, it is immaterial that the state courts did not specify the grounds on which they denied Bianchi's claims."). The Court lacks subject matter jurisdiction over Plaintiff's claim.

---

[6] The Court notes that Plaintiff could have asserted his venue defense to the state court. The Court assumes he chose not to given that the garnishment action was simply a continuation of the original collection action and the court had previously rejected his contention that he was not properly served because he was not an Oklahoma resident "at the commencement of the action." § 1692i(a). Compare Dkt. # 17-4 at 2 ("Mr. Sloat . . . was not and is not a resident of Oklahoma County or the State of Oklahoma at the time the suit was filed."), with Dkt. # 17-5.

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS - 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

### 3. Claim Three – Washington Collection Agency Act "Unfair Practices"

Plaintiff's third claim alleges that Defendants violated RCW 19.16.250(18) by collecting an amount not "authorized by law or contract." Dkt. # 1 at ¶ 8.2. In support, he repeats his allegation that he had "nothing whatsoever to do with the underlying debt." Id. at ¶ 8.3. For the reasons set forth above, the Court lacks subject matter jurisdiction over this claim under Rooker-Feldman.

### 4. Claim Four – Washington Consumer Protection Act "Unfair Practices"

Plaintiff's fourth claim alleges that Defendants committed a per se CPA violation when they violated the Collection Agency Act. Id. at ¶ 9.7. As explained above, Rooker-Feldman plainly precludes Plaintiff's threshold allegation and thus precludes his dependent claim as well.

### 5. Claim Five – Washington Consumer Protection Act "Distant Forum"

Plaintiff's fifth claim alleges that Defendants violated the CPA by "violat[ing] the FDCPA and Washington Collection Statute by using unfair collection practices and by taking collection action against Plaintiff in a distant forum which could not legally be taken." Id. at ¶ 10.10. For the reasons explained, Rooker-Feldman precludes this claim.

### 6. Claim Six – Claim for Outrage

Plaintiff's sixth claim alleges that "Defendants should be held liable for Outrage and associated damages under the FDCPA, regardless of state law requirements for the tort of outrage." Id. at ¶ 11.2. Like each of Plaintiff's claim, this claim also falls directly in the Rooker-Feldman wheelhouse: "the injury alleged resulted from the state court judgment itself." Bianchi, 334 F.3d at 900. Accordingly, "Rooker-Feldman directs that the lower federal courts lack jurisdiction." Id.

## C. Attorney's Fees

Having concluded that each of Plaintiff's claims must be dismissed for lack of subject matter jurisdiction, the Court must consider whether Defendants are entitled to reasonable attorney's fees pursuant to RCW 4.28.185(5). The Court finds that they are.

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS - 8

1  RCW 4.28.185(5) provides:  "In the event the defendant is personally served
2  outside the state on causes of action enumerated in this section, and prevails in the
3  action, there may be taxed and allowed to the defendant as part of the costs of defending
4  the action a reasonable amount to be fixed by the court as attorneys' fees."  RCW
5  4.28.185(5).  And the Washington Supreme Court has concluded that properly served
6  "defendants who prevail jurisdictionally" present "the paradigm case for an award of
7  fees under RCW 4.28.185(5)."  Scott Fetzer Co., Kirby Co. Div. v. Weeks, 114 Wn.2d
8  109, 114 (1990).  Defendants are therefore entitled to their reasonable attorney's fees.

**D.  Leave to Amend**

Finally, the Court considers Plaintiff's motion for leave to amend his complaint.  Dkt. # 23.  It denies the motion.

First and foremost, the addition of Oliphant Financial, LLC, as a Defendant would not cure the subject matter defect present in this case.  As a result, amendment is largely a moot point.

Moreover, as Defendants correctly contend, Plaintiff's ability to amend is "governed by Rule 16(b), not Rule 15(a)."  Johnson v. Mammoth Recs., Inc., 975 F.2d 604, 607–08 (9th Cir. 1992) ("Once the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards controlled.").  And as explained in Mammoth, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  Id. at 609.  If the pretrial schedule could not "reasonably [have] be[en] met despite the diligence of the party seeking the extension," extension is appropriate.  Id. (citations and internal quotation marks omitted).  On the other hand, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  Id.  The same is true of prejudice.  Contrary to Plaintiff's assertions, Mammoth makes clear that "the existence or degree of prejudice" is only relevant to the extent it "might supply additional reasons to deny a motion."  Id.

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS - 9

In this case, Plaintiff suggests that good cause exists because it only learned of the current owner of the debt through Defendants most recent motion. See, e.g., Dkt. # 23 at 2 ¶ 2.2. The record flatly refutes his position. One month prior to the deadline for joining additional parties, Defendants disclosed to Plaintiff as part of their initial disclosures that "Performance Capital Management, LLC,"—which Plaintiff noted in his complaint "went out of business years prior to the garnishment at issue," Dkt. # 1 at ¶ 4.30—was the "predecessor in interest to Oliphant Financial." Dkt. # 27 at 6. And in response, Plaintiff sent Defendants the following e-mail that very same day: "Please note that these disclosures include information pertaining to Oliphant Financial, LLC, which is actually licensed as a collection agency with the Washington Department of Licensing and the Washington Secretary of State. As we discussed, Plaintiff intends to add Oliphant as a defendant in this action." Id. at 10 (emphasis added). For whatever reason, Plaintiff failed to timely follow through. The deadline came and went without any amendment. The Court cannot and will not excuse that carelessness.[7] Mammoth, 975 F.2d at 609.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS IN PART Defendants' "Motion to Dismiss or, in the Alternative, Transfer Venue" (Dkt. # 15). The Court finds that the Rooker-Feldman doctrine precludes this Court from exercising subject matter jurisdiction over any of Plaintiff's claims and DISMISSES each without prejudice. Kelly v. Fleetwood Enters., Inc., 377 F.3d 1034, 1036 (9th Cir. 2004) ("[B]ecause the district court lacked subject matter jurisdiction, the claims should have been dismissed without prejudice."). Accordingly, the Court also DENIES as moot Plaintiff's motion

---

[7] Plaintiff makes much of the fact that Defendants' recent filings were filed under penalty of perjury. Dkt. # 33 at 4. The Court notes that the initial disclosures were no different. Rule 11 applies equally to both. In addition, the Court fails to see how Plaintiff's failure to conduct discovery on the matter demonstrates good cause. Cf. id. at 5 ¶ 2.17.

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS - 10

for a continuance to conduct discovery on the "venue/jurisdiction argument" (Dkt. # 21), and DENIES his motion to amend (Dkt. # 23) as moot and for lack of good cause.

Finally, the Court likewise finds that Defendants are entitled to their reasonable attorney's fees pursuant to RCW 4.28.185(5). The Court directs them to submit, within ten days of the date of this Order, a declaration setting forth their reasonable costs, including attorney's fees. If he chooses, Plaintiff may file a response to the declaration within five days of its filing.

DATED this 6th day of July, 2012.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS - 11